UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRACE PURDUE,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05528-BHS<br><br>ORDER |

This matter is before the Court on the United States' Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, Dkt. 4.

Plaintiff Grace Purdue fell and injured herself while navigating a staircase at the Lake Crescent Lodge in Olympic National Park. She alleges that her accident was the result of inadequate lighting, faulty design, and a failure to maintain the stairs in a safe condition. Dkt. 1. She sued the United States of America and various contractors responsible for the operation and maintenance of the Lake Crescent Lodge. She alleges Federal Tort Claim Act (FTCA) negligence, negligent supervision, and faulty design claims against the United States. *Id.* The United States moves to dismiss for lack of subject matter jurisdiction, arguing that none of Purdue's claims fall within the narrow exception to its sovereign immunity under the FTCA.

"A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). Sovereign immunity is "only quasi-jurisdictional in nature," but "Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

In a "factual attack" on jurisdiction, the court is not restricted to the allegations in the complaint and may consider evidence outside it. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Further, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States argues that Purdue's claims against it are barred by sovereign immunity. With respect to Purdue's negligence and negligent supervision claims, it argues it contractually delegated all responsibility for upkeep and operation of the Lodge to an independent contractor, defendant Aramark. It argues that Purdue's claims against it therefore fall within the FTCA's independent contractor exception. It argues that

Purdue's faulty design claim fails because the historic Lodge was designed by private individuals decades ago, and because any liability for flaws in its design or construction cannot be imputed to the United States.

**1. The independent contractor exception bars Purdue's negligence and negligent supervision claims against the United States**

The United States argues it is immune from Purdue's claims because the upkeep and operation of the Lake Crescent Lodge were delegated to an independent contractor, Aramark. Under the FTCA's limited waiver of sovereign immunity, the United States can be held liable to the same extent as private parties for the torts of federal employees, but not for the actions of independent contractors. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). "[T]he critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor." *Hines v. United States,* 60 F.3d 1442, 1446 (9th Cir.1995) (citations omitted).

In support of its assertion that Aramark was an independent contractor, the United States has provided a copy of the temporary concession contract between Aramark and the United States that was in effect at the time of Purdue's accident. *See* Dkts 5-1, 5-2. It specifically points to the following provision as evidence that Aramark, not the United States, bore responsibility for the day-to-day upkeep of the Lake Crescent Lodge: "The Concessioner shall be solely responsible for maintenance, repairs, housekeeping, and groundskeeping for all Concession Facilities to the satisfaction of the Director." Dkt. 5-1 at 12. It also points to an indemnification provision by which Aramark agreed to assume

liability for "all liabilities, obligations, losses, damages or judgments . . ., claims, actions, suits, costs and expenses . . . of any kind and nature whatsoever on account of . . . bodily injury . . . or claims of bodily injury . . . in any way connected with or arising out of the activities of the Concessioner . . . under this Contract." Dkt. 5-1 at 19.

Purdue responds that dismissal of the United States would be premature without permitting discovery into the true nature of the United States' relationship with Aramark vis-à-vis the management of the Crescent Lake Lodge, suggesting that practice may have departed from the contract language. Jurisdictional discovery is appropriate where jurisdictional facts are contested or more facts are needed. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). However, the party seeking discovery bears the burden of showing its necessity; it is not enough to merely allege a belief or a "hunch" that discovery will yield facts supporting the plaintiff's jurisdictional argument. *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008).

Purdue urges that "[o]n this incomplete record, the Court cannot find, as undisputed fact, that [the National Park Service's] involvement never crossed into substantial day-to-day supervision." Dkt. 9 at 6. She further argues that because the jurisdictional facts are so intertwined with the merits of this case, the appropriate standard of review would be that of summary judgment, under Rule 56, rather than the typical standard of review under 12(b)(1). With respect to the latter point, the Court is unpersuaded that the jurisdictional facts are inseparable from the merits of this case. The question of whether the United States is immune from suit because Aramark was an independent contractor, rather than an employee, does not require the Court to adjudicate

the issues of duty, breach, causation, or damages with respect to the other defendants. Accordingly, the Court will apply the 12(b)(1) standard previously described.

Purdue has also failed to demonstrate a likelihood that jurisdictional discovery is necessary to resolve any disputed jurisdictional fact. The Complaint alleges that the United States owns the park within which Crescent Lake Lodge is located, Dkt. 1 at ¶3.5; that the United States was responsible for overseeing the contractors' "adherence to the contract and any maintenance, safety, or operational obligations," *id.* at ¶3.10; that it "placed constraints on certain aspects of design and historical standards on [its contractors] in the operation of Lake Crescent Lodge," *id.* at ¶3.12; that it had a duty to inspect the building on an annual basis, *id.* at ¶3.14; and that it "retained control of the physical performance of the concessionaire contract through required physical conditions at a minimum." *Id.* at ¶4.4.

But these allegations are consistent with the language of the contract and do not undercut Aramark's independent-contractor status. Nor has Purdue offered—or demonstrated that she is likely to find—evidence showing that Aramark and the Government acted in a manner inconsistent with the plain terms of their agreement; she only speculates they might have. *See Fitch v. Valor Healthcare*, No. 2:24-CV-01031-MJH, 2025 WL 696907 (W.D. Pa. Mar. 3, 2025) (denying jurisdictional discovery on independent contractor immunity where plaintiff offered no evidence to overcome the contract language). Purdue is not entitled to discovery on the hunch that it *might* lead her to facts that would undercut the Government's claim of sovereign immunity.

Purdue also argues that regardless of whether her claim of negligence should be dismissed under the independent contractor exception, this would not dispose of her claim of negligent supervision. Not so. *See Hodge v. United States*, 443 F. Supp. 2d 795, 798 (E.D. Va. 2006), *aff'd*, 224 F. App'x 235 (4th Cir. 2007) ("if the United States is immune from liability for the alleged negligence of an individual actor, it follows that the United States is immune from claims of negligent supervision of that actor.") Purdue cites *Edison v. United States*, 822 F.3d 510 (9th Cir. 2016) but that case is unhelpful. In *Edison*, prisoners who contracted a fungal infection at a facility operated by an independent contractor raised a colorable argument that the United States had retained a duty to them notwithstanding a general delegation of responsibility for the prison's day-to-day operations. *See id.* This was because, under California law, the United States had a nondelegable duty both as a landowner and as a jailer. Here, Purdue has not identified a plausible source of any undelegated or nondelegable duty she believes the United States owed her. She cites to provisions in the contract under which the United States retained the right to control the work and to inspect the premises, but language retaining the right to control the performance of a contract or to inspect a property does not give rise to a *duty* to third parties. *See Ducey v. United States*, 713 F.2d 504, 516 (9th Cir. 1983).

**2. The United States cannot be held liable for the alleged negligent design or construction of facilities by private parties**

The United States argues that Purdue's faulty design claim also lies outside the FTCA's waiver of sovereign immunity because neither the United States or its contractors were responsible for the design and construction of the lodge. It cites records

from the national archives showing that Lake Crescent Lodge was originally designed and built by two private individuals, Avery and Julia Singer, with construction starting in 1914—decades before the establishment of Olympic National Park in 1938. Dkt. 4 at 2 (citing National Archives Catalog, https://catalog.archives.gov/medialz/electronic-records/rg 079/NPS_WA/07000724.pdf). It also relies on *Berrien v. United States*, 711 F.3d 654 (6th Cir. 2013), which held that the United States could not be held liable for injuries caused by the negligent design or construction of a building sited on a military base because the structure was built by an independent contractor. The United States argues that because its involvement in the design and construction of the Lake Crescent Lodge was even less than in its involvement with the design of the structure in *Berrien*, it cannot be held liable here.

Purdue again argues that the record is incomplete and that dismissal would be premature. She urges that "this case does not establish who designed, modified, or repaired the stairway, the lighting, or any other part of crescent lodge over the years." Dkt. 9 at 7. She also suggests that discovery might turn up evidence that the National Parks Service was involved in a possible (but not alleged) re-design or replacement of the staircase, because the contract required Aramark to obtain the Director's approval of "[p]lans[,] and specifications" before constructing any real property improvements. *Id.* (quoting Dkt. 5-1).

The United States is correct that it cannot be held liable for the negligent design or construction of buildings by private parties. Although *Berrien* is not directly applicable to the facts of this case because the Singers were not independent contractors, dismissal is

required for the same underlying reason: the FTCA is a limited waiver of sovereign immunity for torts committed by *employees* of the United States and clearly does not extend to the conduct of private individuals.

The United States has presented evidence that the Lodge was designed and constructed by private parties and maintained by its independent contractor. Neither the allegations in the Complaint nor Purdue's response meaningfully rebut that evidence. And although Purdue suggests in her response that the United States may have been responsible for a subsequent modification of the stairs, this allegation is not found in her Complaint and thus provides no basis for conducting additional discovery. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1367-68 (S.D. Fla. 2020) ("a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts.")

It is hereby **ORDERED** that the United States' motion to dismiss, Dkt. 4, is **GRANTED**.

Dated this 16th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge